IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DANNY SANDERS, #141 012 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11-CV-998-TMH |
| ) | [WO] |
| WARDEN ROBERT NIELSEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate currently confined at the Kilby Correctional Facility in Mt. Meigs, Alabama, brings this 42 U.S.C. § 1983 action against the Alabama Department of Corrections, Warden Robert Nielsen, and Captain Joseph Wamble. This action involves a dispute over the adequacy of the law library facility at the Red Eagle Work Center located in Montgomery, Alabama which was where Plaintiff was confined when he filed the instant complaint. For relief, Plaintiff requests that Red Eagle's law library be adequately stocked with legal material, that it be available to inmates at least eight hours a day, seven days a week, that inmates be provided as much paper as they need free of charge, that copying charges be reduce or provided free to indigent inmates, and that there be no limitation on the amount of copies that may be requested. (*Doc. No. 1*.)

Plaintiff is no longer incarcerated at the Red Eagle Work Center. Since filing this action he has been transferred to a state correctional facility within the Alabama Department of Corrections. Based on Plaintiff's complaint and the specific relief sought, the undersigned concludes that this action is due to be dismissed as moot.

## I. DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen,* 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." U.S. Const. Art. III, 2. Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer,* 819 F.2d 1030, 1034 (11th Cir. 1987). Because mootness is jurisdictional,

dismissal is required when an action is moot, as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar v. Ashcroft,* 273 F.3d 1330, 1336 (11th Cir. 2001).

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the Eleventh Circuit Court of Appeals determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted); *see also Darring v. Kincheloe,* 783 F.2d 874, 876-77 (9th Cir. 1986) (after an inmate is transferred, there is neither a "reasonable expectation" nor a "demonstrated probability" that the inmate will return to the prison against which he sought injunctive relief and therefore claim for injunctive relief is moot). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

"Equitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval County School Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.; Church v. City of Huntsville,* 30 F.3d 1332, 1337 (11th Cir. 1994) ("Logically, 'a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past.' " (citation omitted)). In the context of a § 1983 action filed by a prisoner, such as this, the law is settled

3

that a prayer for declaratory or injunctive relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *See, e.g., Spears v. Thigpen,* 846 F.2d 1327, 1328 (11th Cir. 1989) ("[A]n inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred."); *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir. 1985) ("[A]n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

Plaintiff is no longer an inmate at the Red Eagle Work Center, having been transferred to state custody during the pendency of this action. He is, therefore, no longer subject to the conditions about which he complains when he filed the instant matter. There is no indication that Plaintiff will be returned to the Red Eagle Work Center, much less be returned in the immediate future. "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Cotterall v. Paul,* 755 F.2d 777, 780 (11th Cir. 1985). Absent in this case is any showing of a "continuing, present injury or real and immediate threat of repeated injury" to Plaintiff. *See Id.* (finding that a transfer of the plaintiff back to the Coffee County Jail if he was again incarcerated at a minimum security facility and charged with a disciplinary infraction was too speculative to satisfy the required injury element).

In light of the foregoing, the court finds that Plaintiff's action is now moot. Because there is no present case or controversy to support the court's jurisdiction over this action, Plaintiff's complaint is due to be dismissed without prejudice for lack of jurisdiction.[1]

## II. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED without prejudice for lack of jurisdiction.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **January 18, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. . Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

---

[1] In the event Plaintiff is returned to the institution about which he complained, a dismissal without prejudice  allows him to re-file his claims. *See Wahl,* 773 F.2d at 1174.  That being said, the court has carefully reviewed the allegations in Plaintiff's complaint and notes that even if this action  was not subject to dismissal as moot, it would be subject to dismissal  under the provisions of 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's claims concerning paper, photocopying, and the adequacy of Red Eagle Work Center's law library fail to articulate any "actual injury" accruing to him based on these perceived impairments. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (an essential element of any claim of violation of the right to meaningful access to the courts is actual injury).

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 3rd day of January 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE